JANZ, Respondent, vs. ROUNDS, Appellant.

*December 9, 1925—January 12, 1926.*

*Automobiles: Law of the road: Collisions at intersection of private road with highway: Who has right of way: Trial: Instructions.*

1. In an action to recover for damages to plaintiff's automobile sustained in a collision with defendant's car, the evidence showed that the plaintiff drove onto a public road from a private driveway in a cemetery. *Held* that, there being no intersection of highways, it was not defendant's duty as a matter of law, just preceding the accident, to travel on the right-hand side of the highway. p. 615.

2. It was prejudicial error to instruct the jury that "If when the plaintiff came out of the cemetery the defendant's car was that distance to the east that the plaintiff, in the exercise of ordinary care, had a right to believe he had sufficient time to cross the line of travel of cars going west, he had a right to proceed notwithstanding the defendant had the right of way, and it then became the defendant's duty, under the facts just assumed, to concede the right of way to the plaintiff,"—

in that the instruction assumes that the plaintiff, by driving under the circumstances described, could gain a right of way over the defendant and that it became defendant's duty to concede the right of way to plaintiff, as the statutory right of way cannot be acquired in this way, nor could plaintiff, by proceeding across the line of travel, compel the defendant to concede the right of way.   p. 616.

3. Under such circumstances, neither driver had the right of way by statute, and it was the duty of both to exercise ordinary care to avoid a collision.   p. 615.

4. Where defendant's testimony, if believed, was sufficient to justify the jury in finding in his favor, but the instructions of the court practically compelled it to find for plaintiff, a new trial must be ordered.   p. 617.

APPEAL from a judgment of the circuit court for Portage county: BYRON B. PARK, Circuit Judge.   *Reversed.*

Action to recover damages for an injury to plaintiff's automobile caused by a collision with defendant's car.   It appears from the evidence that the defendant was traveling west towards Wisconsin Rapids; that there was a cemetery on the right-hand side of the road, with a hedge along the road that more or less obscured the cemetery from view. There is some dispute in the testimony as to the height of this hedge, but we regard it as quite immaterial.   About in the center of the cemetery there was a twelve-foot opening in the hedge through which cars could be driven out onto the highway.   It appears that as plaintiff started to drive out from the cemetery through this twelve-foot opening he saw the defendant coming from the east at quite a high rate of speed, but he apparently estimated that he would have time to drive out into the highway and make a turn to the east before the defendant's car arrived there.   He attempted to do so, and the testimony most favorable to the plaintiff shows that he had driven out into the center of the highway, which was of macadam, and passed a trifle beyond it and made probably a three-quarter turn before the defendant's car struck him.   It appears from the testimony that at the time of the impact the defendant's car was slightly to the

south or left of the center of the macadam.  Plaintiff in driving out onto the highway was approaching at a slow rate of speed.  The jury returned a general verdict in favor of the plaintiff, and the defendant appealed. .

For the appellant there were briefs by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *R. B. Graves*.

For the respondent there was a brief by *Chas. E. Briere* and *A. J. Crowns,* both of Wisconsin Rapids, and oral argument by *Mr. Briere*.

VINJE, C. J.  It is apparent from the whole record that the case was tried on the theory that the law applicable to the situation was the same as if two cars had met each other in the ordinary way on a highway traveling in opposite directions, and the case was submitted to the jury on that theory.  The court instructed the jury as follows:

"The operators of automobiles shall observe the rules of the road by keeping to the right upon meeting and passing to the left of automobiles overtaken, giving to each automobile passed or overtaken one half of the road.  The obligation of both the plaintiff and the defendant was to obey these statutes.  A failure to observe these statutes where applicable is negligence as a matter of law."

In stating the claims of the respective parties to the jury the court said:

"The plaintiff claims and contends that the defendant was negligent in operating his car at an excessive and illegal rate of speed and by failing to keep on his right-hand side of the highway.  That he (plaintiff) was not guilty of any negligence.  That the defendant's negligence was the proximate cause of the collision and the damages to his (plaintiff's) car.  The defendant denies that he was operating his car at an excessive and illegal rate of speed and that he failed to keep on his right side of the road, except that he momentarily crossed the center line of travel with the wheels on the south side of his car when plaintiff came out of the

cemetery with the thought of passing plaintiff on his (defendant's) left side of the highway, but that he immediately turned back when he saw he could not so pass the plaintiff on that side."

During the argument to the jury a dispute arose as to whether the defendant was negligent because of his car being partly to the left of the center of the highway at the time of the collision, and the court said to the jury:

"There is no law that compels a person to drive on the right-hand side of the road when there are no other cars in sight or coming; but he must conduct himself so that as he approaches another car then he must be on his right-hand side of the road in ample time to notify the car that he is to meet that he is in the right position."

It is apparent from the above instructions that the court erred in holding that it was the duty of the defendant to travel on the right-hand side of the road at the time in question. It was stipulated by the parties that it was an ordinary country highway upon which a speed of thirty miles per hour was permitted. The situation was not the ordinary one where two cars meet on such a highway and where the law as laid down by the court in its instructions to the jury would be applicable. The plaintiff came out from the side of the highway and entered it on and through a private driveway. There was no intersection of highways, and we are not aware that so far as this situation is concerned either one had by statute the right of way. It was the duty of both the defendant and the plaintiff to exercise ordinary care under the circumstances. It was not the duty of the defendant as a matter of law to travel upon the right-hand side of the highway immediately preceding the collision. If he failed to exercise ordinary care in avoiding a collision, then of course he would be liable in the absence of any contributory negligence on the part of the plaintiff. It was a situation where both had to exercise ordinary care to avoid a contact. Had the jury been so instructed, it is

by no means certain that they would have reached a verdict in favor of the plaintiff. For these errors in the instructions to the jury the judgment must be reversed.

The court gave another instruction highly prejudicial to the defendant. It said:

"If when the plaintiff came out of the cemetery the defendant's car was that distance to the east that the plaintiff in the exercise of ordinary care had a right to believe he had sufficient time to cross the line of travel of cars going west, he had a right to proceed notwithstanding the defendant had the right of way, and it then became the defendant's duty, under the facts just assumed, to concede the right of way to the plaintiff."

The above instruction is erroneous in that it assumes that the plaintiff, by driving under the circumstances described, could gain a right of way over the defendant and that it became the defendant's duty to concede the right of way to plaintiff. A right of way as defined by the statute cannot be acquired in this way. It is true that if the jury were satisfied that the plaintiff in the exercise of ordinary care had a right to believe he had sufficient time to cross the line of travel of cars going west, that he might proceed without being guilty of negligence; but by so proceeding he did not change the rules of the road as to right of way, nor could he subject the defendant to the necessity of conceding the right of way to the plaintiff. Upon such a situation it became the defendant's duty, when apprised of the situation, to exercise ordinary care to avoid a collision, but there was no obligation to yield or concede the right of way. It became the duty of each to exercise ordinary care to avoid a collision..

Plaintiff concedes that he saw the defendant coming at a considerable distance from the east, and that notwithstanding he so saw him he drove out upon the highway and attempted to make the turn ahead of defendant. He testified that defendant came at a high rate of speed. The de-

fendant denied this; claimed that he was coming at a speed not in excess of thirty miles per hour, and that he did not see the plaintiff until he was within thirty or forty feet of him, and that he first tried to pass him on one side, then on the other, and that was the reason why his car was over the center of the road at the time of the impact. None of the occupants of the car were injured, only the car. It is apparent under these circumstances that the jury might well find for the defendant if they believed his testimony to be true. But under the instructions above referred to, the jury practically was compelled to find for the plaintiff. For these reasons a new trial must be ordered.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.